UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BANK OF NEW YORK as Collateral Agent     :
and Custodian for the NYCTL 1999-1 Trust and    :
NYCTL 1998-2 Trust; JER Revenue Services,     :
LLC,     :
                    Appellants,    :

        -against-                   :
                                       :
264 ST. JAMES CORP.; MICHAEL MACCO, ESQ. :
as Chapter 13 Trustee,     :
                    Appellees.    x
-------------------------------------------------------------

MEMORANDUM AND ORDER

07-CV-01794 (ENV)

VITALIANO, D.J.

      On July 14, 2003, Jeanette Williams, the debtor in the underlying proceedings, filed a

petition for Chapter 13 relief with the United States Bankruptcy Court for the Eastern District of

New York. On October 5, 2003, the debtor filed an application pursuant to 11 U.S.C. § 363(f) to

sell the property located at 264 St. James Place in Brooklyn, New York (the "property").

Appellant the Bank of New York ("BNY"), as collateral agent and custodian for the NYCTL

1999-1 Trust and the NYCTL 1998-2 Trust (the "Trusts"), held three New York City tax liens

(the "City liens") on the property. The liens were serviced by appellant JER Revenue Services,

LLC ("JER"), the City's collection agent, which had filed proofs of claim in the debtor's

bankruptcy for BNY on behalf of the Trusts. By order dated December 12, 2003 (the "Sale

Order"), United States Bankruptcy Judge Dennis E. Milton authorized the sale of the property

and directed appellee Michael Macco, as Chapter 13 Trustee, to pay the balance due on the City

lien claims, as filed, including any updated amounts for interest and attorneys' fees. As the

proofs of claim had never been amended to incorporate sums certain of accrued interest or

attorneys' fees, the Trustee tendered payment only in the face amounts. JER protested, arguing

that the claims had been upwardly revised by inclusion of interest and attorneys' fees in payoff

statements sent to debtor's counsel, and refused to discharge the City liens until the Trustee paid such additional amounts.

On March 9, 2007 – following intervention in the debtor's chapter 13 case by a later purchaser of the property, appellee 264 St. James Corp. – Judge Milton issued a Decision and Order holding that JER had violated the terms of the Sale Order by refusing to discharge the City liens, and stating that the Trustee lacked authority to pay anything more than the amounts stated on the Trusts' proofs of claim as filed. This appeal followed.

## BACKGROUND

After the debtor filed her chapter 13 petition, three proofs of claim for BNY on behalf of the Trusts were submitted by JER, indicating that the Trusts asserted secured claims in the amounts due under each City lien as of a date certain plus as-yet-undetermined interest accruing at the statutory rate of 18% compounded daily.[1] See N.Y.C. Admin. Code §§ 11-224, 11-123. Subsequently, the Sale Order: (1) authorized the sale of the property "free and clear of all liens and interests" to purchasers Mark Scheiner and Frank Boccagna; (2) provided that all proceeds of the sale were to be delivered to the Trustee, with any existing liens and interests in the property to attach to such proceeds; and (3) authorized the Trustee to pay, among other things, the balance owed on the three City liens as calculated with reference to the corresponding proofs of claim, "as filed, and updated for interest and attorneys' fees by [the] Trusts."

In preparation for the closing of the sale of the property, on January 14, 2004, debtor's counsel requested that the Trusts issue "payoff letters" for the City liens to update interest and any other charges due. On January 15, 2004, the sale of the property to Scheiner and Boccagna

---

[1] JER filed the following three proofs of claim, totaling $79,363.40, plus statutory interest: (1) $36,342.92 owed to the Bank of New York as Collateral Agent & Custodian for the NYCTL 1998-2 Trust; (2) $32,469.17 owed to the Bank of New York as Collateral Agent & Custodian for the NYCTL 1999-1 Trust; and (3) $10,551.31 owed to the Bank of New York as Collateral Agent & Custodian for the NYCTL 1998-2 Trust.

was consummated. On January 19, 2004, JER sent debtor's counsel the requested payoff statements for the liens, including calculations of interest accrued up to one week beyond the closing date. On January 21, 2004 the Trustee paid JER the amounts listed on the Trusts' three proofs of claims, an amount less than that set forth on the payoff statements. On several subsequent dates, the Trustee advised JER's counsel that he, as a matter of policy, would not pay claims based on payoff statements and requested that JER file amended proofs of claim to reflect the interest that had accrued and any attorneys' fees. But JER did not do so, then or ever. To the contrary, after the Trustee paid the face value of the City lien claims, JER discontinued two lawsuits which had been commenced in Kings County Supreme Court to satisfy the liens, NYCTL 1998-2 Trust v. Jeanette Williams, et al., Index No. 19027/01 and NYCTL 1998-2 Trust v. Jeanette Williams, et al., Index No. 4837/02, and released the two related *lis pendens*.

In 2004, Scheiner and Boccagna sold the property to 264 St. James Corp., which in turn resold it to another purchaser on August 24, 2006. Prior to the latter transaction, 264 St. James Corp. contacted JER to confirm that there were no outstanding taxes due on the property. JER, however, informed 264 St. James Corp. that the Trusts' three liens on the property remained extant with interest accruing. Accordingly, the purchaser's title insurance company required 264 St. James Corp. to put $15,390.52 in escrow pending resolution of the dispute regarding the liens.

On September 15, 2006, 264 St. James Corp. filed an application in the bankruptcy court seeking an order: (1) reopening the debtor's chapter 13 case; (2) vacating the order directing the dismissal of the debtor's case; (3) declaring JER's refusal to release the City liens to be a violation of the December 13, 2003 Sale Order; and (4) imposing costs, penalties and fees on JER. JER opposed the application, contending that the Sale Order directed the Trustee to pay

3

JER interest and attorney fees on behalf of the Trusts and the Trustee's failure to do so resulted in the liens remaining on the property. JER specifically argued that the Trusts were not obligated to file amended proofs of claims calculating interest and attorneys' fees as a prerequisite to recovering such interest and fees. In response, the Trustee cited his policy of not making distributions pursuant to payoff statements and claimed that JER's failure to file updated proofs of claim waived the Trusts' right to any additional payment.

In its March 9, 2007 Decision and Order, the bankruptcy court partially granted the application by reopening the debtor's chapter 13 case, vacating the case dismissal order and declaring JER's refusal to release the liens on the property to be a violation of the Sale Order, but declined to impose costs, penalties and fees on JER. As an initial matter, Judge Milton reviewed the Sale Order, which had been issued pursuant to the section of the Bankruptcy Code that permits a bankruptcy court to authorize a sale free of any interest that an entity has in property of the estate, see 11 U.S.C. § 363(f), and concluded that the effect of the Sale Order was to extinguish all liens on the property upon the closing of the sale, regardless of what payments the lienholders had or had not received. See Order at 5. Second, the bankruptcy court observed that although the Bankruptcy Code itself does not obligate a Chapter 13 creditor to amend a filed proof of claim to receive additional disbursements from the trustee for interest or other fees, see id. at 5-6 (citing 11 U.S.C. §§ 501, 506), such a requirement is in fact imposed by the Federal Rules of Bankruptcy Procedure. Specifically, the court noted, Rule 3021 provides that upon confirmation of a Chapter 13 plan "distribution shall be made to creditors whose claims have been allowed," and under the Bankruptcy Code an "allowed" claim by definition must be asserted in a filed proof of claim. See id. at 6 (citing Fed. R. Bank. P. 3021; 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed,

4

unless a party in interest . . . objects.")). Accordingly, the bankruptcy court found that the Trustee in this case properly paid the face value of the proofs of claim that were filed by JER regarding the City liens, and lacked the authority to pay any interest and attorneys fees because those additional amounts were never listed on a filed proof of claim. The court further noted that insofar as the Sale Order provided that the sale of the property was free and clear of liens and encumbrances, with any such existing liens and encumbrances to attach to the proceeds, it appeared "JER's only recourse is against the debtor who obtained a benefit from the sale, as the proceeds were distributed to her other creditors in partial satisfaction of her debts." Order at 6.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Bankruptcy Procedure 8013, this Court may affirm, modify, or reverse a bankruptcy court's judgment, order or decree, or may remand with instructions for further proceedings. See Fed. R. Bank. P. 8013. The bankruptcy court's findings of fact will not be disturbed unless clearly erroneous. See id. ("Findings of fact . . . shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses."); Brunner v. N.Y. State Higher Educ. Svcs. Corp., 831 F.2d 395, 396 (2d Cir. 1987) (per curiam). The Court reviews the bankruptcy court's conclusions of law de novo. See Brunner, 831 F.2d at 396.

## DISCUSSION

Appellants argue that the bankruptcy court committed clear error in finding that a secured creditor's failure to amend a previously filed proof of claim to include updated calculations of statutory interest divests a chapter 13 trustee of authority to pay such additional sums. Rather, appellants maintain that the fact that the filed proofs of claim regarding the City liens expressly noted the right to payment of accruing statutory interest was sufficient to compel the Trustee to

5

make the interest payments. Moreover, even if a secured creditor in a chapter 13 case is in fact required to update a filed proof of claim before receiving payment of additional charges from the trustee, appellants contend that in this case any such obligation was fulfilled by JER's submission of payoff statements to debtor's counsel, as such statements operated as "informal" amendments to the proofs of claim. Either way, appellants contend, the Trusts were entitled to payment of additional statutory interest and attorneys' fees on the lien claims under applicable law and the express terms of the Sale Order. When the Trustee refused to make those payments, appellants conclude, JER acted within its rights in refusing to discharge the liens.

Notwithstanding, appellants offer no cogent reason for their failure to file the amended proofs of claim in such circumstances, or to reverse the bankruptcy court's finding that the Trustee lacked authority to pay, without an amended proof of claim, additional amounts reflected in the informal payoff statements. The Court recognizes, as did the bankruptcy court, that the Bankruptcy Code expressly does not require creditors to file proofs of claim, see 11 U.S.C. § 501, and provides that a secured creditor may not lose its lien through bankruptcy if the sole reason for the loss of the lien is the failure of that creditor to file a proof of claim. See 11 U.S.C. § 506(d)(2). However, it is equally clear that "a secured creditor's lien may be extinguished even if it did not file a proof of claim if the creditor (i) participated in the reorganization, and (ii) the reorganization plan provided for the claim." CIS Corp. v. Hassett, No. 97 CIV 622, 1997 WL 666265, at *3 (S.D.N.Y. Oct. 24, 1997) (citing Harmon v. U.S. Through Farmer's Home Admin., 101 F.3d 574, 581-82 (8th Cir. 1996) (holding that, while a secured creditor in a bankruptcy proceeding under Chapters 11, 12 or 13 need not file a claim to preserve its lien, "we recognize that a secured creditor who files a proof of claim and participates in a bankruptcy case is not in the same position as one who remains on the sidelines.").

In this case, the Trusts participated in the debtor's Chapter 13 case by filing proofs of claim to assert their secured claims arising from the liens, and the Sale Order expressly provided for the claims by "authoriz[ing] and direct[ing] [the Trustee] to pay the balance due upon the three NYC Tax Lien Trust claims, as filed, and updated for interest and attorneys' fees by said Trusts, as soon as practicable after closing." While the proofs of claim had stated an intent to add statutory interest to the claim amounts sometime in the future, the Trusts were given a clear direction and window in which to do so by the Sale Order, and they did not. Nor did the Trusts object to the Sale Order. Accordingly, after the closing of the sale of the property, the Trustee did precisely what the Sale Order empowered him to do – he paid the Trusts' claims, as filed.

The bankruptcy court determined that the Trustee acted appropriately under the circumstances, and this Court finds no error in that determination. Other courts have similarly held in the Chapter 13 context that secured creditors who filed proofs of claim and did not amend them when given the opportunity were not entitled to payment of later-claimed amounts. Cf. In re Sneijder, 407 B.R. 46, 53-54 (Bankr. S.D.N.Y. 2009) ("Even though secured creditors need not file proofs of claim for their liens to ride-through a chapter 13 debtor's bankruptcy . . . . [t]he failure of a secured creditor to file an amended proof of claim for the deficiency, or obtain a valuation of the claim under §§ 502(c)(1) or 506(a), may result in forfeiture of the deficiency claim."); In re Westbrook, 246 BR 412 (Bankr. N.D. Ala. 1999) (secured creditor that failed to object to provision in debtor's confirmed Chapter 13 plan indicating that it would receive no postconfirmation interest on its claim was barred by res judicata from seeking and deemed to have waived its right to recover postconfirmation interest on its allowed secured claim).

The Court also rejects appellants' argument that, even if subject to a requirement to update the filed proofs of claim, they fulfilled the update duty by providing informal

7

amendments to the formal proofs of claim, in the form of the payoff statements requested by debtors' counsel prior to the closing of the sale authorized by the Sale Order. Courts have generally held that a document purporting to evidence an informal proof of claim "must have (1) been timely filed with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt." In re Enron Creditors Recovery Corp., 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007). By appellants' own admission, the payoff statements were made available to debtor's counsel, purchaser's counsel and the Trustee at the closing. But, crucially, they were not filed with the bankruptcy court or made part of the judicial record until more than two years after the closing, when 264 St. James Corp. made its application to the bankruptcy court for a declaration that JER's refusal to release the liens was a violation of the Sale Order.

## CONCLUSION

For the reasons set forth above, the bankruptcy court's Decision and Order of March 9, 2007 is affirmed.

The Clerk is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
April 8, 2010

_____
ERIC N. VITALIANO
United States District Judge

8